## TIMOTHY DOLAN, APPELLANT, *v.* THE CITY OF BROOKLYN, RESPONDENT.

*Salaries — fixed at a less sum than that prescribed by law — the remedy is by* mandamus, *not by an action for damages.*

Under the provisions of chapter 582 of the Laws of 1887, which requires that the pay of the engineers in the uniformed fire force, in the city of Brooklyn, shall be fixed by a majority of all the members of the board of estimate of the city of Brooklyn at certain specified sums, which vary with the length of service of the individual, if the board of estimate fixes the respective salaries at less sums than such as are directed by the said act, the remedy is not by action against the city of Brooklyn to recover the difference, but by *mandamus* to compel the board to fix the salaries at the sums specified in the act.

APPEAL by the plaintiff, upon questions of law and upon the facts, from a judgment entered in the office of the clerk of the county of Kings on the 26th day of July, 1889, after a trial before the court without a jury.

The action was brought by the plaintiff on his own behalf, and as the assignor of others, engineers of steamers in the fire department of the city of Brooklyn, to recover certain pay alleged to be due,

under chapter 582 of the Laws of 1887, and withheld from them because of the action of the board of estimate of the city of Brooklyn in fixing such pay at a smaller rate than that prescribed by the statute.

*F. A. McCloskey,* for the appellant.

*Almet F. Jenks,* for the respondent.

PRATT, J.:

Plaintiff sued the city of Brooklyn to recover the difference between the salary he and his assignors should have received and that which they did receive, as engineers in the uniformed fire force of the city of Brooklyn.

The claims are founded on chapter 582, Laws 1887, which provides that the pay of uniformed members of the department shall be fixed by a majority of all the members of the board of estimate of the city of Brooklyn. The act gives the board of estimate discretion in fixing the amount of the pay of certain of the members, but gives the board no discretion in fixing the amount of the pay of engineers. Their pay is to be fixed at certain specified sums, which vary with the length of service of the individual. The board of estimate fixed the salary of plaintiff and his assignors, all of whom were engineers, at less sums than as directed by the act. The question to be determined is whether the city of Brooklyn can be sued for the difference in salary before the board of estimate has fixed the salary at the sum provided by the act of 1887.

It seems to us that such an action will not lie. The act directs the board to fix the salary of an engineer at a specified sum. If the board neglects to fix it at all, or fixes it at a sum other than as directed, the person grieved has his remedy by *mandamus.* There can be no default on the part of the city, and consequently no right of action against it, until the persons designated by the act have fixed the amount of plaintiff's salary and the city has failed to pay the salary so fixed.

The judgment appealed from should be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.